**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHANTELL RICE<br>1056 Serrill Avenue<br>Landsdowne, PA 19050<br><br>Plaintiff,<br><br>v.<br><br>QVC, INC.<br>1200 Wilson Drive West<br>West Chester, PA 19380<br>and<br>QVC GROUP, INC.<br>1200 Wilson Drive West<br>West Chester, PA 19380<br><br>Defendants. | CIVIL ACTION<br><br>No.:____________________________<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Shantell Rice (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by QVC, Inc. and the QVC Group, Inc. (hereinafter collectively referred to as "Defendants") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200d *et seq*.) and Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981). As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks

redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where it is subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5. Plaintiff filed a Charges of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing her Charges with the EEOC, and by filing the instant lawsuit within 90 days of receiving right-to-sue letters from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant QVC, Inc., a subsidiary of Defendant QVC Group, Inc., is a leading global video-driven and live social shopping retailer that curates and sells consumer products

across television, digital streaming, and e-commerce platforms is a heavy and highway construction and materials producer, with headquarters at the above-captioned address.

9. Defendant QVC Group, Inc. is a Fortune 500 corporation, with six leading retail brands, including Defendant QVC, Inc., and is headquartered at the above-captioned address.

10. Because of their interrelation of operations, common ownership or management, centralized control of labor relations, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they made be treated as a single and/or joint employer for purposes of the instant action.

11. At all times relevant herein, Defendants acted through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## **FACTUAL BACKGROUND**

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Defendants originally hired Plaintiff on or about September 8, 2024, as a Jewelry Handler/Inventory.

14. During Plaintiff's employment with Defendants, she fell under the supervision of several levels of management: Manager, Stacey Moore (hereinafter "Moore"), Manager, Jacqueline Dunn (hereinafter "Dunn") and CEO, David Rawlinson (African American, hereinafter "Rawlinson").

15. Throughout Plaintiff's employment with Defendants, Plaintiff was a hardworking employee who performed her job well.

16. However, Plaintiff is a Black (African American) adult female, and her aforesaid day-to-day members of management, Moore and Dunn, are Caucasian.

17. Throughout the course of her employment with Defendants, Plaintiff and other Black employees were subjected to race discrimination, harassment, and disparate treatment by Defendants Caucasian and/or non-Black members of management, employees, and customers. For example, but not intended to be an exhaustive list, unlike her Caucasian and/or non-Black co-workers:

a. Moore and Dunn treated Plaintiff and other Black staff in a rude and demeaning manner;

b. Black employees, including Plaintiff were routinely denied promotional opportunities (discussed in more detail *infra*), which were given to less qualified Caucasian and/or non-Black individuals;

c. In or about early March of 2025, a Caucasian customer directed racially offensive language and/or slurs toward Plaintiff while she was performing her job duties; specifically, the customer stated, "there are more and more niggers working here";

d. Moore stated to Plaintiff and other black employees, "slavery happened so long ago, you should get over it";

e. When a new Black supervisor was hired Moore mockingly and hostilely stated, "I bet you guys are happy now, there is one of you here" or "Now we have a Black manager, I bet you guys are going to be happy now";

f. Moore and Dunn showed a clear preference for hiring, supervising and/or managing Caucasian individuals; and

g. Policies and/or discipline were selectively enforced against Black employees.

18. Plaintiff initially reported the aforementioned racially hostile, discriminatory, and offensive slurs and/or conduct to Rawlinson in or about March of 2025, as she felt he would understand the severity of the slurs used (as an African American manager) but her concerns went unaddressed, as Rawlinson never responded to her.

19. Thereafter, however, when Moore and Dunn learned that she had raised concerns of racial harm and treatment to Dunn instead of coming to them, they expressed extreme anger and hostility toward Plaintiff.

20. Shortly thereafter, Plaintiff was removed from her assigned position in the jewelry department and reassigned to other less desirable areas in the facility, and notably, Plaintiff was never returned to her original role in jewelry.

21. Additionally, it was then that Moore began to expose Plaintiff to the aforementioned racially charged, discriminatory, and offensive comments (*see* Paragraph 17, *supra*).

22. Moore was seemingly buoyed by the slurs Plaintiff had been subjected to by the above referenced customer. As a result, Moore began to refer to Plaintiff and other Black employees increasingly as “you people.”

23. As an African American employee working in an environment where most of her co-workers were *not* Black, Plaintiff felt extremely isolated, singled out, and unsupported by management.

24. This aforesaid hostile and discriminatory work environment greatly impacted Plaintiff’s mental health, and she suffered from humiliation, emotional distress, and embarrassment to be so marginalized.

25. When Plaintiff pushed back and/or objected to these racially derogative and discriminatory comments and/or treatment by customers and management, she was then denied several promotional opportunities within Defendants.

26. For example, Plaintiff applied for no fewer than 5 to 10 different positions within the production department and as an on-air host, but she was simply given boiler plate standard email rejections without even being given any opportunity to interview – despite that Plaintiff was qualified for all of the jobs she applied for.

27. Despite all of Plaintiff's good faith efforts to report and resolve these aforesaid discriminatory and disparate instances that were creating a hostile work environment, Defendants failed to take corrective action, failed to properly investigate Plaintiff's complaints, and allowed discriminatory and retaliatory conditions to continue, which was severely affecting Plaintiff's mental health and self-esteem.

28. As a result of the aforementioned racial profiling, racial slurs, offensive and discriminatory comments and conduct, effective condonement of such behavior by management, denial of promotional opportunities, retaliation, and emotional, psychological, and financial impact of the same, Plaintiff had no choice but to resign her employment with Defendants.

29. Plaintiff was thus constructively terminated by Defendants on or about August 26, 2025.

30. Plaintiff believes and therefore avers that she was subjected to discrimination, a hostile work environment and disparate treatment, a failure to promote, retaliation, and ultimately constructively discharged because of her race and/or her complaints of the aforementioned instances of race discrimination, hostile work environment, and retaliation.

31. Plaintiff also believes and therefore avers that her race was a motivating and/or determinative factor in the termination of her employment by Defendants.

**COUNT I**
**Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Race Discrimination; [2] Hostile Work Environment; [3] Retaliation; and [4] Failure to Promote)**
**-Against Both Defendants-**

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. As set forth above, Plaintiff was subjected to discriminatory comments and disparate treat, such that it created a hostile work environment because of her race.

34. Plaintiff made complaints regarding the aforesaid instances of discrimination and disparate treatment; however, Plaintiff's complaints were ignored.

35. Instead of properly addressing Plaintiff's concerns in any meaningful way, Plaintiff was subjected to increased hostility, animosity, and retaliation following her complaints.

36. Plaintiff was then constructively discharged from her employment with Defendants on or about August 26, 2025.

37. Plaintiff believes and therefore avers that she was subjected to discrimination, a hostile work environment and disparate treatment, a failure to promote, retaliation, and ultimately constructively discharged because of her race and/or her complaints of the aforementioned instances of race discrimination, hostile work environment, and retaliation.

38. Plaintiff also believes and therefore avers that her race was a motivating and/or determinative factor in her constructive discharge by Defendants.

39. These actions as aforesaid constitute violations of Title VII.

**COUNT II**
**Violations of 42 U.S.C. Section 1981**
**([1] Race Discrimination; [2] Retaliation; [3] Hostile Work Environment; and [4] Failure to Promote)**
**-Against Both Defendants-**

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. As set forth above, Plaintiff was subjected to discriminatory comments and disparate treat, such that it created a hostile work environment because of her race.

42. Plaintiff made complaints regarding the aforesaid instances of discrimination and disparate treatment; however, Plaintiff's complaints were ignored.

43. Instead of properly addressing Plaintiff's concerns in any meaningful way, Plaintiff was subjected to increased hostility, animosity, and retaliation following her complaints.

44. Plaintiff was then constructively discharged from her employment with Defendants on or about August 26, 2025.

45. Plaintiff believes and therefore avers that she was subjected to discrimination, a hostile work environment and disparate treatment, a failure to promote, retaliation, and ultimately constructively discharged because of her race and/or her complaints of the aforementioned instances of race discrimination, hostile work environment, and retaliation.

46. Plaintiff further believes and therefore avers that but her race, Plaintiff would not have been constructively discharged from her employment with Defendants.

47. These actions as aforesaid constitute violations of Section 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
akarpf@karpf-law.com
(215) 639-0801

Dated: September 21, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Shantell Rice | : | CIVIL ACTION |
| v. | : | |
| | : | |
| QVC, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| 9/21/2026 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:______________________ Judge:________________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:______________________

**B. *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):________________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*______________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[ X ] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

RICE, SHANTELL

(b) County of Residence of First Listed Plaintiff: Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

QVC, INC., ET AL.

County of Residence of First Listed Defendant: Chester
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**: Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause: Violations of Title VII and Section 1981.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE 9/21/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______